IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

```
-------------------------------------------------------x
CHRISTOPHER LEE CLARK                :
                                     :    CIVIL ACTION NO.
            Plaintiff,               :
    v.                               :    COMPLAINT
                                     :
STERLING INFOSYSTEMS, INC.           :    (JURY TRIAL DEMANDED)
                                     :
            Defendant.               :
-------------------------------------------------------x
```

## Preliminary Statement

1. This is an action for damages brought by an individual consumer, Christopher Lee Clark, against the Defendant for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681 *et seq.*, *as amended*.

## Jurisdiction and Venue

2. Jurisdiction of this Court arises under 15 U.S.C. § 1681p and 28 U.S.C. §§ 1331 and 1337.

3. Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b).

## Parties

4. Plaintiff Christopher Lee Clark is an adult individual, who resides in Belmont, MA.

5. Defendant Sterling Infosystems, Inc. ("Sterling") is a consumer reporting agency that regularly conducts business in the Southern District of New York and which has a principal place of business located at 249 W 17th St., 6th Floor, New York, NY.

## Factual Allegations

6. In or around July 2016, Plaintiff applied for employment at Lyft, Inc. ("Lyft").

7.     Plaintiff interviewed for the position and was provisionally hired by Lyft, contingent upon a background check.

8.     Lyft requested from the Defendant, and the Defendant sold to Lyft, a consumer report concerning the Plaintiff, on or around July 26, 2016.

9.     The consumer report furnished by Defendant was for employment purposes.

10.    This consumer report contained at least one item of information which was a matter of public record and the type of information that was likely to have an adverse effect upon Plaintiff's ability to obtain employment generally, and specifically, with Lyft.

11.    Defendant has been reporting, and did here report, derogatory and inaccurate statements and information relating to Plaintiff and Plaintiff's criminal history and record to third parties ("inaccurate information").

12.    The inaccurate information includes, but is not limited to, a criminal offense record. This record appears on the consumer report Defendant sold about Plaintiff to Lyft as follows: "Aggravated Assault Deadly Weapon."

13.    The inaccurate information grossly disparages the Plaintiff and portrays him as a felon, which he is not. There is perhaps no greater error that a consumer reporting agency can make. The inaccurate information consists of incorrect statements which misrepresent his criminal history as well as incorrect personal identifying information.

14.    The derogatory inaccuracies appear to be caused by the Defendant mixing Plaintiff, Christopher Lee Clark's consumer report with that of a different consumer, Christopher Leon Clark. Any rudimentary inspection of the data would reveal the inaccuracies. Defendant obviously failed to employ such a procedure.

15.    In creating and furnishing the Plaintiff's consumer report, Defendant failed to

follow reasonable procedures to assure the maximum possible accuracy of the information it reported about the Plaintiff. For example, Defendant allowed and/or used very loose matching criteria to determine whether to include information pertaining to a stranger, with a different middle name and a different address, within Plaintiff's consumer report.

16. Upon information and belief, the Plaintiff alleges that Defendant never sent a notice letter as required by 15 U.S.C. § 1681k(a)(1).

17. Additionally, Defendant does not maintain strict procedures designed to ensure that the public records information it reports is complete and up to date, as required by 15 U.S.C. § 1681k(a)(2). If Defendant had maintained such procedures, it would not have criminal records belonging to other individuals reporting on Plaintiff's consumer report.

18. Plaintiff was subsequently denied employment at Lyft and Plaintiff was informed by Lyft that the basis for this denial was the inaccurate information that appears on Plaintiff's consumer report and that the inaccurate information was a substantial factor for the denial.

19. As of result of Defendant's conduct, Plaintiff has suffered actual damages in the form of lost employment opportunities, harm to reputation, and emotional distress, including humiliation and embarrassment.

20. At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendant herein.

21. At all times pertinent hereto, the conduct of the Defendant, as well as that of its agents, servants and/or employees, was intentional, willful, reckless, and in grossly negligent disregard for federal law and the rights of the Plaintiff herein.

### Count One – Violations of the FCRA
### (Plaintiff v. Sterling)

22. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

23. At all times pertinent hereto, Defendant was a "person" and "consumer reporting agency" as those terms are defined by 15 U.S.C. §§ 1681a(b) and (f).

24. At all times pertinent hereto, the Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

25. At all times pertinent hereto, the above-mentioned consumer reports were "consumer reports" as that term is defined by 15 U.S.C. § 1681a(d).

26. Pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o, Defendant is liable to the Plaintiff for willfully and negligently failing to comply with the requirements imposed on a consumer reporting agency of information pursuant to 15 U.S.C. §§ 1681e(b) and 1681k(a).

27. The conduct of Defendant was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to the Plaintiff outlined more fully above and, as a result, Defendant is liable to the Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorneys' fees and the costs of litigation, as well as such further relief, as may be permitted by law.

### Jury Trial Demand

28. Plaintiff demands trial by jury on all issues so triable.

### Prayer For Relief

WHEREFORE, Plaintiff seeks judgment in Plaintiff's favor and damages against the Defendant, based on the following requested relief:

    (a) Actual damages;

  (b)  Statutory damages;

  (c)  Punitive damages;

  (d)  Costs and reasonable attorney's fees pursuant to 15 U.S.C. §§ 1681n and 1681o; and

  (e)  Such other and further relief as may be necessary, just and proper.

          Respectfully submitted,


          <u>/s/ Adam G. Singer</u>
          Adam G. Singer
          Law Office of Adam G. Singer, PLLC
          60 E. 42nd Street, Suite 4600,
          New York, NY 10165
          asinger2@alumni.law.upenn.edu
          212.842.2428
          Attorney Bar # AS7294

          ***Attorney for Plaintiff***

DATED: December 22, 2016